IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Kevin Davis, | ) C/A No.: 2:14-906-RMG-BHH |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| | ) |
| Jeanette W. McBride; Warren B. Giese, *Solicitor*; Inv. Damon Robertson; Hans Pauling, *Public Defender*; Richard Cathcart, *Asst. Solicitor*; Barber A. Scott, *Former Clerk of Court*; Tara Brown, *Grand Jury Foreperson*; and Warden John Pate, *individual and official capacity throughout case*, | ) ) ) ) ) ) ) ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

Plaintiff, Kevin Davis ("Plaintiff"), is a state prisoner in the Allendale Correctional Institution of the South Carolina Department of Corrections ("SCDC") in Fairfax, South Carolina. Plaintiff files this action against Defendants, pursuant to 42 U.S.C. § 1983,[1] seeking monetary damages and injunctive relief, complaining of violations of his Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment rights. Complaint, ECF No. 1, p. 2. Plaintiff is proceeding pro se and in forma pauperis, pursuant to 28 U.S.C. §§ 1915 and 1915A. Under the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d)

---

[1] Not itself a source of substantive rights, § 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by "person(s)" acting "under color of state law." See Jennings v. Davis, 476 F.2d 1271 (8th Cir. 1973). The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails. See McKnight v. Rees, 88 F.3d 417(6th Cir. 1996). To state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: (1) individual defendant(s) deprived him of a federal right, and (2) did so under color of state law. Gomez v. Toledo, 446 U.S. 635, 640 (1980); see Hall v. Quillen, 631 F.2d 1154, 1155-56 (4th Cir. 1980).

(D.S.C.), the undersigned United States Magistrate Judge is authorized to review such complaints for relief and submit findings and recommendations to the Court. Having reviewed the Complaint in accordance with applicable law, the undersigned recommends that it be summarily dismissed, without prejudice and without issuance and service of process, because it fails to state a plausible claim on which relief may be granted by this Court.

## PRO SE AND IN FORMA PAUPERIS REVIEW

Under established local procedure in this judicial district, a careful review has been made of the pro se Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. The review has been conducted in light of the following precedents: Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Estelle v. Gamble, 429 U.S. 97 (1976); Haines v. Kerner, 404 U.S. 519 (1972); and Gordon v. Leeke, 574 F.2d 1147 (4th Cir. 1978). The Complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §1915(e)(2)(B)(i), (ii), (iii). Hence, under 28 U.S.C. §1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed sua sponte. Neitzke v. Williams, 490 U.S. 319 (1989).

This Court is required to liberally construe pro se documents, Estelle v. Gamble, 429 U.S. 97, 97 S. Ct. 285 (1976), holding them to a less stringent standard than those drafted by attorneys, Hughes v. Rowe, 449 U.S. 5, 101 S. Ct. 173 (1980) (per curiam). Even under

this less stringent standard, however, a pro se complaint is subject to summary dismissal. The mandated liberal construction afforded pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to "conjure up questions never squarely presented" to the court. Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't. of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## DISCUSSION

To the extent that Plaintiff seeks monetary damages and related injunctive relief for his alleged unlawful conviction and imprisonment, Plaintiff's Complaint is subject to summary dismissal because a cause of action has not yet accrued. With respect to actions filed pursuant to § 1983, such as the present one alleging constitutional violations and/or other improprieties in connection with state criminal charges, the United States Supreme Court stated, in Heck v. Humphrey, 512 U.S. 477 (1994):

> We hold that, in order to recover damages [or other relief] for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

3

Heck, 512 U.S. at 486-87. Thus, the United States Supreme Court has ruled that, until a criminal conviction is set aside by way of appeal, post-conviction relief, writ of habeas corpus, or otherwise, any civil rights action based on the conviction and related matters will be barred. See Johnson v. Freeburn, 29 Fed. Supp.2d 764, 772 (S.D.Mich. 1998) (under Heck, nature of relief sought is not critical question; rather, it is the grounds for relief); see also Clemente v. Allen, 120 F.3d 703 (7th Cir. 1997) (injunctive relief sought).

Here Plaintiff alleges that his Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment rights have been violated through prosecutorial misconduct constituting fraud upon the court in the procurement of unlawful warrants and indictments against Plaintiff. Complaint, ECF No. 1, p. 2. Plaintiff further alleges that his wrongful conviction was also a result of his involuntary guilty plea due to his public defender's ineffectiveness. Complaint, ECF No. 1, p. 3-4, 6-18. However, Plaintiff has failed to establish that his guilty plea and conviction have been reversed, expunged, or declared invalid by a state court, or called into question by a federal court's issuance of a writ of habeas corpus. The undersigned concludes that, if Plaintiff were to succeed in this § 1983 case, a judgment in his favor in this action would imply the invalidity of Plaintiff's burglary conviction in the Richland County General Sessions Court.

Plaintiff has not shown that he has successfully challenged his guilty plea and conviction. The undersigned takes judicial notice of Plaintiff's prior habeas corpus proceeding in this Court, in Davis v. State of South Carolina and Warden of Lee Correctional Institution, C/A No. 8:08-2448-SB-BHH (D.S.C.), in which Plaintiff unsuccessfully challenged his April 4, 2005 guilty plea to first degree burglary and

4

sentence of twenty-one (21) years imprisonment.[2]  On September 2, 2009, Plaintiff's § 2254 habeas petition was dismissed with prejudice and the respondents' motion for summary judgment was granted.  This Court's judgment was affirmed by the United States Fourth Circuit Court of Appeals on February 26, 2010.  Thus, Plaintiff's Complaint fails to show the necessary element that Plaintiff's conviction "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus [pursuant to] 28 U.S.C. § 2254."  Heck, 512 U.S. at 486-87.  Consequently, Plaintiff cannot show a constitutional injury and cannot state a cognizable § 1983 claim at this time against Defendants.[3]

Additionally, to the extent that Plaintiff seeks injunctive relief in the form of his release from prison, Complaint, ECF No. 1, p. 19, the United States Supreme Court has held, in Preiser v. Rodriguez, 411 U.S. 475, 500 (1973), that "when a state prisoner is

---

[2] See United States v. Parker, 956 F.2d 169, 171 (8th Cir. 1992) (the district court had the right to take judicial notice of a prior related proceeding); Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

[3] To the extent that Plaintiff attempts to state a malicious prosecution claim, pursuant to § 1983 or state tort law, Plaintiff must demonstrate that the criminal proceeding against him terminated in his favor.  Burrell v. Virginia, 395 F.3d 508, 514 (4th Cir. 2005) (§ 1983 claim for malicious prosecution incorporates the common law element of favorable termination to state a cause of action).  See Lambert v. Williams, 223 F.3d 257, 261-62 & n.2 (4th Cir. 2000); Schilling v. White, 58 F.3d 1081 (6th Cir. 1995) (noting that in common law tort liability, proof of the illegality of a conviction is a necessary element, and unless that conviction has been reversed, there has been no injury of constitutional proportion, and therefore no § 1983 action may exist).  Plaintiff alleges that he pleaded guilty and was convicted.  Obviously, Plaintiff's criminal proceeding did not terminate in his favor.  Therefore, Plaintiff's Complaint fails to state a plausible malicious prosecution-type claim.

5

challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." In Heck, the Court reiterated that release from prison is not a remedy available under 42 U.S.C. § 1983. "Habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." Heck, 512 U.S. at 481. In Wilson v. Johnson, 535 F.3d 262 (4th Cir. 2008), the Fourth Circuit Court of Appeals affirmed the continued authority of Preiser and Heck as a bar which precludes a current prisoner, who could otherwise bring a habeas action, from seeking habeas-type relief in a § 1983 action:

> In Preiser v. Rodriguez, 411 U.S. 475 (1973), a group of state prisoners filed a § 1983 action alleging that the New York State Department of Correctional Services' denial of good-time credits violated their constitutional right to due process. The prisoners sought an injunction to force the prison to restore the credits, a remedy which would have reduced the prisoners' sentences. Despite the "literal applicability" of § 1983, the Supreme Court affirmed the district court's dismissal of the claim because the prisoners' "challenge is just as close to the core of habeas corpus as an attack on the prisoner's conviction, for it goes directly to the constitutionality of his physical confinement itself and seeks either immediate release from that confinement or the shortening of its duration." Id. at 489. Because the plaintiffs "sought no [monetary] damages, but only equitable relief-restoration of their good-time credits," id. at 494, the Supreme Court expressly limited its holding to the equitable relief sought by the prisoners.

Wilson, 535 F.3d at 264.

To the extent that Plaintiff seeks injunctive or mandamus-type relief in the form of an investigation of Defendants, their criminal prosecution, and their discharge from office or employment, Complaint, ECF No. 1, p. 19, this Court cannot grant such relief. Plaintiff does not have a constitutional right to, or, in fact, any judicially cognizable interest in, the

6

criminal prosecution or non-prosecution of another person. See Leeke v. Timmerman, 454 U.S. 83, 86-87 (1981); Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973). "The benefit that a third party may receive from having someone else arrested for a crime generally does not trigger protections under the Due Process Clause, neither in its procedural nor in its 'substantive' manifestations." Town of Castle Rock v. Gonzales, 545 U.S. 748, 768 (2005) (referencing DeShaney v. Winnebago County Dep't. of Social Servs., 489 U.S. 189 (1989)); see also 28 U.S.C. § 1361; Gurley v. Superior Ct. of Mecklenburg County, 411 F.2d 586, 587-88 & nn. 2-4 (4th Cir. 1969) (a federal district court may issue a writ of mandamus only against an employee or official of the United States); Moye v. Clerk, DeKalb County Sup. Court, 474 F.2d 1275, 1275-76 (5th Cir.1973) (federal courts do not have original jurisdiction over mandamus actions to compel an officer or employee of a state to perform a duty owed to the petitioner); In re Carr, 803 F.2d 1180, 1180 (4th Cir., Oct 24, 1986) (unpublished opinion) (same).

## RECOMMENDATION

Based on the forgoing, it is recommended that the Court dismiss the Complaint in the above captioned case, without prejudice and without issuance and service of process.

Plaintiff's attention is directed to the important notice on the next page.

April 22, 2014                             s/Bruce Howe Hendricks
Charleston, South Carolina                 United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting the advisory committee's note to Rule 72 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.")).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk of Court
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).